Tyson B. Snow, tsnow@padrm.com, #10747
Joseph G. Pia, joe.pia@padrm.com, #9945
PIA ANDERSON DORIUS REYNARD & MOSS
222 South Main St., Suite 1830
Salt Lake City, Utah  84101
Phone:(801) 350-9000
Fax:(801) 350-9010

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ETAGZ, INC., an Indiana Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ATHLETIC TRAINING INNOVATIONS,<br>LLC, a Louisiana limited liability company;<br>and DOES 1-10.<br><br>    Defendants. | **COMPLAINT FOR PATENT<br>INFRINGEMENT**<br><br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, eTagz, Inc. ("eTagz" or "Plaintiff"), by and through its attorneys, makes and files this Complaint against Defendants Athletic Training Innovations, LLC ("ATI"), a Louisiana limited liability company; and Does 1-10 (collectively, "Defendants").  In support of this Complaint, eTagz alleges and complains as follows:

### PARTIES

1.      eTagz is an Indiana corporation, with its principal place of business at 761 West 1200 North, Suite 300, Springville, Utah 84663.  eTagz is engaged in the business of product marketing through the use of a digital labeling system, apparatus, or method.

2.      Upon information and belief, ATI is a Louisiana limited liability company with its principal place of business at 1344 Danville St., suite B, Kenner, LA 70062.

3.      Upon information and belief, ATI is in the business of manufacturing and selling a variety of sports and athletic training equipment.

4.      Upon information and belief, ATI has one or more affiliates or shell companies, referred to herein as Does 1-10.

### JURISDICTION AND VENUE

5.      This is a claim for patent infringement that arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., including 35 U.S.C. § 281.

6.      This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338, and applicable principles of supplemental jurisdiction.

7.      ATI is subject to personal jurisdiction in the State of Utah (this "State"), consistent with the principles of due process and the Utah Long Arm Statute, because ATI :(1) has offered and continues to offer their products for sale in this State; (2) has transacted business and continues to transact business in this State; (3) has committed and/or induced acts of patent infringement in this State; and/or (4) has placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this State.

8.      Upon information and belief, ATI sells its infringing products via catalogs sent to Utah citizens. ATI also sells its products to Utah citizens on its www.strengthbrands.com website.  Utah citizens have and/or can purchase ATI products from the ATI websites and catalogs and have them delivered to Utah.

9.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because ATI has done business, has infringed, and continues to infringe Plaintiff's patents within this District, and this action arises from transactions of that business and that infringement.

## GENERAL ALLEGATIONS

10.     eTagz owns and has all right, title and interest, including standing to sue for past, present or future infringement, in United States Patent No. 6,298,332 (the "'332 Patent," attached as Exhibit A) entitled "CD-Rom Product Label Apparatus and Method," No. 7,503,502 B2 (the "'502 Patent," attached as Exhibit B) entitled "Computer Readable Hang Tag and Product," No. 7,703,686 B2 (the "'686 Patent," attached as Exhibit C) entitled "Consumer-Computer-Readable Product Label and Apparatus,"and No. 8,249,919 B2 (the "'919 Patent," attached as Exhibit D) entitled "Computer Readable Medium Product Label Apparatus and Method"(collectively referred to as the "eTagz Patents").

11.     The eTagzPatents involve product marketing and branding through the use of a digital labeling system, apparatus, and/or method.

12.     A digital labeling system can include a CD, DVD, CD-ROM, memory card, USB flash drive or other digital communication device attached to a product or other merchandise.

13.     Use of a digital labeling system creates unique marketing opportunities for vendors and manufacturers of goods.

14.     Information about the manufacturer such as branding, product lines, instruction or application of the product, corollary products, testimonials, interviews, multi-media presentations, and interactivity with purchasers are just some of the benefits that can be obtained by employing a digital labeling system.

15.    Digital labeling systems are used by companies as a means of differentiating their products in the marketplace.

## PATENT INFRINGEMENT

16.    eTagz realleges and incorporates by reference as if fully set forth herein the preceding paragraphs.

17.    eTagz has complied with the provisions of 35 U.S.C. § 287.

18.    Defendants are infringing, contributing to the infringement of, and/or inducing infringement of the '332 Patent, the '502 Patent, the '686 Patent, the '919 Patent, in violation of 35 U.S.C. § 271 as set forth therein and incorporated by this reference; Defendants are making, using, selling, offering for sale, and/or importing numerous infringing products, including a numerous variety of yo-yosand other products that are likely to be identified during discovery (the "Infringing Products").

19.    ATI has infringed at least claim 1 of the '332 Patent, claim 47 of the new claims permitted on re-examination, and any additional claims that may be issued.

20.    ATI has infringed at least claim 16 of the '502 Patent and any additional claims that may be issued.

21.    ATI has infringed at least claim 1 of the '686 Patentand any additional claims that may be issued.

22.    ATI has infringed at least claim 1of the '919 Patent and any additional claims that may be issued.

23.     ATI has knowledge of the '332 Patent, the '502 Patent, the '686 Patent, and the '919 Patent and is infringing despite such knowledge.  The infringement has been and continues to be willful and deliberate.

24.     ATI's infringement has injured eTagz, and eTagz is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

25.     ATI's infringing activities have injured and will continue to injure eTagz unless and until this Court enters an injunction prohibiting further infringement of the '332, '502, '686, and '919 Patents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff eTagz respectfully requests that, after a trial, this Court enter judgment against ATI, its subsidiaries, affiliates and all persons in active concert or participation with them as Does 1-10, as follows:

A.     An entry of final judgment in favor of eTagz and against ATI and Does 1-10;

B.     An award of damages adequate to compensate eTagz for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C.     An injunction permanently prohibiting ATI and Does 1-10 and all persons in active concert or participation with any of them from further acts of infringement of the'332, '502, '686, and '919 Patents;

D.     Treble damages as provided for under 35 U.S.C § 284 in view of the knowing, willful, and intentional nature of Defendants' acts;

5

E.      Awarding eTagz its costs and expenses of this litigation, including its reasonable attorneys' fees, costs, and disbursementspursuant to 35 U.S.C. § 285; and

F.      Such other further relief that eTagz is entitled to under the law, and any other and further relief that this Court or a jury may deem just and proper.

**TRIAL BY JURY DEMANDED**

eTagz demands a trial by jury on all issues presented in this Complaint.


DATED: July 1, 2013.

                                PIA ANDERSON DORIUS REYNARD & MOSS

                                /s/ Tyson B. Snow
                                Joseph G. Pia
                                Tyson B. Snow

                                *Attorneys for Plaintiff eTagz, Inc.*


Plaintiff's Address:
eTagz, Inc.
761 West 1200 North, Suite 300
Springville, Utah 84663